IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

HELENA DIVISION

| | |
|---|---|
| CHARLES L. CADDELL,<br><br>Plaintiff,<br><br>vs.<br><br>HELENA ELDER HOUSING, INC., ACCESSIBLE SPACE INC., MONTANA MUNICIPAL INTERLOCAL AUTHORITY, NATIONAL UNION FIRE INSURANCE COMPANY, CITY OF HELENA, LEWIS AND CLARK COUNTY, BIG SKY HEALTH, A PLUS HEALTH CARE, DRAKE LAW FIRM, BROWNING, KALECZYC, BERRY & HOVEN, CROWLEY FLECK PLLP, STATE OF MONTANA,<br><br>Defendants. | No. CV 12-48-H-DLC-RKS<br><br>FINDINGS AND RECOMMENDATIONS OF UNITED STATES MAGISTRATE JUDGE TO DISMISS COMPLAINT |

## I. SYNOPSIS

Mr. Charles L. Caddell filed a Complaint against 12 defendants arising from

1

his residence in Helena Elder Housing. The Complaint includes no claim that both falls within federal jurisdiction and states a claim on which relief can be granted, and Mr. Caddell has foregone the opportunity to amend it. The Complaint should be dismissed with prejudice.

## II. JURISDICTION

Mr. Caddell filed his Complaint on May 30, 2012, in United States District Court for the District of Montana, Helena Division. C.D. 2. He asserts federal question jurisdiction under 28 U.S.C. §1331, and supplemental jurisdiction under 28 U.S.C. § 1367. C.D. 2. Mr. Caddell is proceeding *pro se*, and *in forma pauperis*. C.D. 1; C.D. 4. Therefore the case is assigned to this court pursuant to L.R. 73.1.

## III. STATUS

Because Mr. Caddell is proceeding *in forma pauperis*, his Complaint must be reviewed under 28 U.S.C. § 1915 and 28 U.S.C. § 1915A. The Complaint shall be dismissed prior to service upon defendants if it is frivolous, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune. 28 U.S.C. § 1915(e)(2)(B); *Calhoun v. Stahl*, 254 F.3d 845 (9th Cir. 2001)(per curiam)(statute is not limited to prisoners).

Mr. Caddell's Complaint has previously been reviewed. C.D. 4. That

review determined the Complaint failed to state a claim as to 10 of the 12 named defendants, and those claims were recommended for dismissal. Id., p. 6. The review determined that Mr. Caddell might be able to present viable claims against the remaining two defendants with additional factual allegations. Id., pp. 5-6. He was granted leave to file an Amended Complaint, with specific instructions as to the additional elements necessary to state a claim. Id. The deadline to file the Amended Complaint was August 31, 2012. Id., p. 8.

Instead of filing an Amended Complaint, Mr. Caddell sought summonses for all 12 defendants. C.D. 6. His request for issuance of summonses was denied, and Mr. Caddell was reminded via Text Order of the opportunity and deadline to file an Amended Complaint. C.D. 7. Rather than file an Amended Complaint, Mr. Caddell then filed objections. C.D. 8. The objections are premature. C.D. 9. Mr. Caddell was once again reminded of the amendment opportunity and deadline. C.D. 9. Mr. Caddell has not filed an Amended Complaint and the deadline to do so has passed.[1] C.D. 4., p. 8. Thus, his original Complaint remains pending and subject to ruling pursuant to 28 U.S.C. 1915.

## IV. STANDARD FOR DECISION

---

[1] Mr. Caddell is no stranger to federal court litigation. *See* CV-12-31-DLC (D.Mont); CV-11-20-DWM (D.Mont); CV-11-11-DWM (D.Mont).

"In determining whether a complaint states a claim, all allegations of material fact are taken as true and construed in the light most favorable to the plaintiff." *Barnett v. Centoni*, 31 F.3d 813, 816 (9th Cir. 1994)(per curiam). Although federal courts liberally construe pro se pleadings, they "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents*, 673 F.2d 266, 268 (9th Cir. 1982).

Pro se plaintiffs proceeding *in forma pauperis* must be allowed to amend their complaint unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987) (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir.1980)).

## IV. FACTS

Mr. Caddell leased and resided in a Helena Elder Housing apartment from 2006 through 2011. C.D. 2.

## V. ALLEGATIONS

Mr. Caddell's allegations are lengthy and difficult to follow. He appears to allege that Helena Elder Housing, Inc. (HEH) and Accessible Space, Inc. (ASI), his former landlords, committed criminal conduct, breach of contract, and negligence by depriving him of safe housing. C.D. 2, p. 2-4. Mr. Caddell asserts a federally protected property right to HEH housing because HEH is supervised by the

4

Department of Housing and Urban Development (HUD).  C.D. 2, p. 3-8.  It appears the "criminal conduct" to which Mr. Caddell refers involves ASI's use of a noisy air system during quiet hours.[2]  Id., p. 2.  Mr. Caddell also alleges ASI lost one of the two keys to the air system, which was located next to Mr. Caddell's living unit, causing attempted burglaries thwarted only by Mr. Caddell's guard dog.  Id., p. 5.

    Mr. Caddell says he complained to many of the named Defendants hundreds of times regarding these issues, but no one helped him.  Id., p. 7.  He alleges he was denied a hearing to which he was entitled as part of the grievance procedure under his "Rental Assistance Contracts . . . Parts I and II Section 202 Supportive Housing for Elderly Section 811 - Housing for Persons with disabilities."  Id., p. 4.  Mr. Caddell says his housing at HEH was HUD Section 8 Low Income housing, and Defendants "were entities required to comply with the State law, funded by the Federal Government."  Id., p. 10.  Mr. Caddell further alleges Defendants violated the Fair Housing Act, 42 U.S.C. § 3601-3631.  C.D. 2, p. 8.  Mr. Caddell alleges the problems with the air system constituted elder abuse and were life-threatening, presumably because the noise interrupted his sleep.  Id., p. 10.  Mr. Caddell says he

---

[2]Ironically, Mr. Caddell's prior Complaints involved his own citation for disorderly conduct for playing his television at excessive volume during quiet hours.  See CV-10-11-H-DWM; CV-11-20-H-DWM.

was eventually forced to move from the residence for health reasons. Id., p. 3.

Mr. Caddell contends the following entities were negligent in failing to report or respond to his complaints outlined above in violation of Mont. Code Ann. § 52-3-811(1)(3): City of Helena (C.D. 2, p. 13-14), Montana Municipal Interlocal Authority through attorney Steven T. Wade (p. 17), Lewis and Clark County (p. 19), State of Montana (p. 20-21), Big Sky Health (p. 25), A Plus Health Care Inc. (p. 26), Drake Law P.C. (p. 27), Browning, Kaleczyc, Berry, & Hoven P.C. (p. 28), and Crowley Fleck PLLP (p. 31-32).

## VI. ANALYSIS

### A. Federal jurisdiction

Mr. Caddell's allegations against the following Defendants should be dismissed for lack of federal jurisdiction: Montana Municipal Interlocal Authority, National Union Fire Insurance Company, City Of Helena, Lewis and Clark County, Big Sky Health, A Plus Health Care, Drake Law Firm, Browning, Kaleczyc, Berry & Hoven, Crowley Fleck PLLP, or the State Of Montana.

Mr. Caddell alleges that these Defendants were negligent and violated Montana statutes by failing to report what he construes as elder abuse and criminal conduct against him. At most, his allegations contend that Defendants constructively evicted him under Mont. Code Ann. § 70-24-411 or violated state

reporting laws. Since both scenarios depend on state law, neither gives rise to a § 1983 claims, which gives rise to a cause of action only for a violation *federal* law. 42 U.S.C. § 1983. *Ove v. Gwinn,* 264 F.3d 817, 824 (9th Cir.2001) (Violations of a state-created interest that reaches beyond the guarantees of the United States Constitution law do not support a § 1983 claim).

In a civil action in which a district court has original jurisdiction over any claims presented, the court may exercise supplemental jurisdiction over other related claims. 28 U.S.C. § 1367(a). A Court may decline to exercise this jurisdiction. 28 U.S.C. § 1367(c). Here the district court should decline to exercise supplemental jurisdiction because the only allegations that arguably invoke original jurisdiction are, as described below, recommended for dismissal. 28 U.S.C. § 1367(c)(3).

### B. 42 U.S.C. § 1983

Mr. Caddell's Complaint implicates 42 U.S.C. § 1983 in regard to the remaining defendants, HEH and ASI. Section 1983 protects federal rights created by the United States Constitution or by federal statutes. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). A § 1983 claim must include two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a "person" acting under color

7

of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

The only violation of a federally protected right Mr. Caddell's Complaint could be construed to assert is based on his right to low-income housing under the United States Housing Act, 42 U.S.C. § 1437 *et seq.* The Housing Act requires that HUD "shall by regulation require each public housing agency 'PHA' receiving assistance under this chapter to establish and implement an administrative grievance procedure." *Saxton v. Housing Authority of the City of Tacoma*, 1 F.3d 881, 883 (9th Cir. 1993). However, any error in not providing a hearing is harmless if the hearing would not have changed the outcome for the tenant. *Id.* at 885.

Mr. Caddell's allegations fail to state a claim against HEH or ASI because they do not indicate that he requested a hearing, whether a hearing was denied, and specifically how he was damaged by not having a hearing. C.D. 2. He does not assert that a hearing would have changed the outcome, and the potential impact of a hearing on Mr. Caddell's concerns about being kept awake at night is not at all apparent. C.D. 2. To the extent Mr. Caddell asserts a § 1983 claim for denial of his right to a hearing, any error in such a denial is harmless.

## VII. LEAVE TO AMEND

After its initial review, this Court granted Mr. Caddell leave to amend his Complaint, so that Mr. Caddell could attempt to state a viable claim against HEH

8

or ASI. C.D. 4. The Order specifically instructed Mr. Caddell that his the Amended Complaint should include a short, plain statement as to why he was entitled to a hearing, why the hearing was denied, and how he was damaged by not having a hearing. Id., pp. 5-6. The Court set a deadline of August 31, 2012, for the Amended Complaint to be filed. Id., p. 8. A subsequent Text Order reminded Mr. Caddell that he had until August 31 to file an Amended Complaint. C.D. 7. Yet another Text Order again reminded Mr. Caddell. C.D. 9. There is no doubt Mr. Caddell was aware of the need and deadline for filing an Amended Complaint, as he filed an objection to the Order. C.D. 8. Nonetheless, Mr. Caddell has not filed an Amended Complaint, and the time to do so has passed. C.D. 4.

## VIII. CONCLUSION

Mr. Caddell's Complaint fails to state a federal claim on which relief can be granted. He was given the opportunity to amend the Complaint and did not take it. His Complaint should be dismissed. 28 U.S.C. § 1915(e)(2)(B).

It is **RECOMMENDED**:

1. The Complaint be dismissed with prejudice in regards to the following Defendants for lack of federal jurisdiction: Montana Municipal Interlocal Authority, National Union Fire Insurance Company, City Of Helena, Lewis and Clark County, Big Sky Health, A Plus Health Care, Drake Law Firm, Browning,

9

Kaleczyc, Berry & Hoven, Crowley Fleck PLLP, and the State Of Montana.

2. The Complaint be dismissed with prejudice in regards to the remaining Defendants, Helena Elder Housing, Inc. and Accessible Space, Inc. for failure to state a claim on which relief can be granted.

DATED this 1st day of October, 2012.

/s/ Keith Strong
Keith Strong
United States Magistrate Judge