
**FILED**

DEC 17 2012

Clerk, U.S District Court
District Of Montana
Missoula

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
HELENA DIVISION

| | | |
|---|---|---|
| CHARLES L. CADDELL, | ) | CV 12-48-H-DLC |
| | ) | |
| Plaintiff, | ) | |
| vs. | ) | ORDER |
| | ) | |
| HELENA ELDER HOUSING, INC., | ) | |
| ACCESSIBLE SPACE INC., | ) | |
| MONTANA MUNICIPAL | ) | |
| INTERLOCAL AUTHORITY, | ) | |
| NATIONAL UNION FIRE | ) | |
| INSURANCE COMPANY, CITY | ) | |
| OF HELENA, LEWIS AND CLARK | ) | |
| COUNTY, BIG SKY HEALTH, A | ) | |
| PLUS HEALTH CARE, DRAKE | ) | |
| LAW FIRM, BROWNING, | ) | |
| KALECZYC, BERRY & HOVEN, | ) | |
| CROWLEY FLECK PLLP, STATE | ) | |
| OF MONTANA, | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Charles L. Caddell filed a complaint on May 30, 2012, asserting a number of general claims relating to his residency at Helena Elder Housing. (Doc. 2.) United States Magistrate Judge Keith Strong issued findings and

recommendations on October 1, 2012, recommending the complaint be dismissed with prejudice. (Doc. 10.) Caddell timely objected to the findings and recommendations and is therefore entitled to *de novo* review of the specified findings or recommendations to which he objects. 28 U.S.C. § 636(b)(1). The portions of the findings and recommendations not specifically objected to will be reviewed for clear error. *McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.,* 656 F.2d 1309, 1313 (9th Cir. 1981). For the reasons stated below, this Court adopts Judge Strong's findings and recommendations in full. Because the parties are familiar with the procedural and factual background of this case, it will not be restated here.

Caddell attached documents to his objections that primarily discuss his reasons for not amending his complaint. "A district court has discretion, but is not required, to consider evidence presented for the first time in a party's objection to a magistrate judge's recommendation," but it "must actually exercise its discretion, rather than summarily accepting or denying the motion." *U.S. v. Howell,* 231 F.3d 615, 621–622 (9th Cir. 2000). The Court has reviewed the attached documents, and finds them to be repetitive or unrelated to the issues at hand. None of the allegations set forth in the attached documents change the Court's analysis, so they will not be considered.

The majority of Caddell's objections are conclusory and do not specifically set forth any legal or factual objection to the findings and recommendations. These objections will not be addressed. The objections supported by a legal or factual basis do not convince the Court that Caddell states a claim for relief against any named Defendants.

Caddell objects to the recommendation that the following Defendants should be dismissed for lack of federal jurisdiction: Montana Municipal Interlocal Authority, National Union Fire Insurance Company, City of Helena, Lewis and Clark County, Big Sky Health, A Plus Health Care, Drake Law Firm, Browning, Kaleczyc, Berry & Hoven, Crowley Fleck PLLP, and the State of Montana. Caddell argues federal jurisdiction exists for these Defendants for a number of reasons.

First, Caddell argues subject matter jurisdiction exists for many counts of his complaint against Defendants Helena Elder Housing ("HEH") and Accessible Space, Inc. ("ASI") because he alleges violations of federal housing law. That is exactly what Judge Strong concluded in his findings. Judge Strong determined Caddell could possibly have stated a claim under 42 U.S.C. § 1983 against HEH and ASI for denying him a grievance hearing in violation of the United States Housing Act. (Doc. 10 at 8.) However, Caddell failed to state a claim against

3

HEH and ASI because he did not indicate that he requested a hearing, whether a hearing was denied, or how he was damaged by not having a hearing. Therefore, Judge Strong correctly determined that Caddell failed to state a claim under § 1983 against HEH and ASI.

Caddell objects that the findings and recommendations ignored count two of his complaint alleging the "federal government had supervision duty to see that any federal subsidized housing contracts were contracts made with owner of the housing provider, such housing financed by federal government." (Doc. 11 at 5.) Caddell seems to take issue with the relationship between ASI and HEH, contending ASI did not have the legal capacity to enter into a housing contract with him. Caddell does not allege sufficient facts regarding HEH or ASI to determine either entity's legal capacity under the Housing Act. He was asked to provide more information regarding these Defendants in an amended complaint, and he chose not to do so. The mere fact that Caddell was provided federally subsidized housing is not sufficient to establish federal jurisdiction or state a claim under § 1983.

Caddell argues Judge Strong erred by finding no subject matter jurisdiction for count five of his complaint which alleged retaliation against certain Defendants in violation of 42 U.S.C. §§ 3058 et seq. and 3617. These code provisions

prohibit discrimination in the sale or rental of housing. Count five of Caddell's complaint alleges Defendants failed to report assaults and threats of assault against him by an unknown party. It is unclear how this failure to report alleged elder abuse relates to the housing discrimination laws Caddell cites. Further, all of the Defendants Caddell mentions in count five are entities, not persons capable of reporting elder abuse. The Court is unable to ascertain a federal claim in the allegations set forth in count five or the related objections.

Caddell objects that federal jurisdiction exists for counts nine and twelve of his complaint under 42 U.S.C. § 3058 because it requires the city of Helena to enforce federal law once it accepts grant money. These counts again accuse Defendants of failing to report elder abuse in violation of state and federal law. Section 3058 requires state agencies to implement elder abuse prevention programs in order to receive federal funding under § 3058b. This objection fails for several reasons. It is entirely unclear what acts constitute the alleged elder abuse Caddell suffered. He alleges he was assaulted and threatened, but never says by whom. He alleges HEH and ASI knew the noisy conditions of his housing were interrupting his sleep, but did nothing to help him or provide him a grievance hearing. Failing to provide a hearing does not constitute elder abuse, nor does failing to repair an allegedly noisy ventilation system. The alleged assault could

5

possibly constitute elder abuse, but Caddell does not indicate who assaulted him or whether the assault was part of an ongoing situation that might constitute abuse. Because Caddell does not sufficiently establish facts supporting his conclusory allegations of elder abuse, the Court need not reach the relevance of § 3058 to any Defendants.

Caddell next objects that count ten of his complaint states a federal claim under 42 U.S.C. §§ 3601-3619 and 2000 which he contends forbid discrimination on the basis of religious belief. The religion Caddell purports to follow is not an organized religion, but rather "a religious creed of a defined sect requiring truthful representation in all aspects of his life." (Doc. 2 at 12.) These conclusory allegations do not establish a claim for religious discrimination in violation of federal law. Caddell's citation to the entire Fair Housing Act is not specific enough for the Court to determine how he thinks he states a claim. Similarly, Caddell's claim of age discrimination fails under count fifteen because none of the alleged facts establish that he was denied a grievance hearing because of his age.

Diversity jurisdiction exists, Caddell argues, over Defendant National Union Fire Insurance Company because it is a New York corporation and he is a Montana citizen. While Caddell has established the diversity of citizenship element required under 28 U.S.C. § 1332, he has not set forth any facts that state a

lucid claim against National Union Fire Insurance Company. He does not allege who the company insures or what it did to cause him harm. Judge Strong properly found that this Defendant should be dismissed.

The remainder of Caddell's objections are either conclusory or incoherent. There being no clear error in Judge Strong's remaining findings and recommendations,

IT IS ORDERED:

1. Judge Strong's Findings and Recommendations (doc. 10) are adopted in full.

2. The complaint is DISMISSED WITH PREJUDICE. The Clerk of Court shall close this case pursuant to Federal Rule of Civil Procedure 58.

DATED this 17th day of December, 2012.

Dana L. Christensen, District Judge
United States District Court